**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-1866-KLM

VOIT TECHNOLOGIES, LLC,
a Florida limited liability company

      Plaintiff,

      v.

OUTDOOR EDGE CUTLERY CORPORATION,
a Colorado Corporation

      Defendant

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT**

Outdoor Edge Cutlery Corporation ("Outdoor Edge"), by and through its undersigned attorneys, submits its Answer and Affirmative Defenses to Plaintiff's Complaint for Patent Infringement. For ease of reference, Outdoor Edge has adopted the headings as those set forth in the Complaint. To the extent that such headings themselves contain factual or legal characterizations, however, Outdoor Edge denies such characterizations.

**NATURE OF THE ACTION**

1.    Outdoor Edge admits that a document identified as U.S. Patent No. 6,226,412, titled "Secure digital interactive system for unique product identification and sales" is provided in Exhibit A to the Complaint. Outdoor Edge is without sufficient information or belief regarding the remaining allegations of Paragraph 1 of the Complaint and therefore denies the same.

2.      Outdoor Edge admits that Paragraph 2 recites a portion of U.S. Patent No. 6,226,412 below the heading "Abstract."

3.      Outdoor Edge is without sufficient information or belief regarding the allegations of Paragraph 3 and therefore denies the same.

4.      Outdoor Edge is without sufficient information or belief regarding the allegations of Paragraph 4 and therefore denies the same.

5.      Outdoor Edge admits that the Complaint purports to bring a claim for patent infringement, but denies that Outdoor Edge has infringed upon any valid, enforceable claim of U.S. Patent No. 6,226,412, either directly or indirectly.  Outdoor Edge further states that U.S. Patent No. 6,226,412 has expired, and that Plaintiff's Preliminary Infringement Contentions (contained in Exhibit C) assert infringement through use of a third party software offered by "Volusion" that is not being used by Outdoor Edge in connection with its online sales offerings. As set forth in detail below, Outdoor Edge specifically denies each and every allegation contained in Count I of Plaintiff's Complaint.

**PARTIES**

6.      Outdoor Edge admits that Plaintiff is a Florida limited liability company, but is without sufficient information or belief regarding the remaining allegations of Paragraph 6 and therefore denies the same.

7.      Outdoor Edge admits that it is a Colorado corporation and has a place of business at 5000 Osage Street, Suite 800, Denver, Colorado 80221.

## JURISDICTION AND VENUE

8.      Outdoor Edge admits that Plaintiff's purported claim of infringement arises under the patent laws of the United States and invokes the exclusive jurisdiction of the Federal Courts.

9.      Outdoor Edge admits to personal jurisdiction for this action.  Outdoor Edge further admits that it conducts business in the state of Colorado, including offering for sale, selling and advertising its products in Colorado.  Outdoor Edge denies the remaining allegations contained in Paragraph 9.

10.     Outdoor Edge admits to venue for this action.

## GENERAL ALLEGATIONS

11.     Outdoor Edge denies the allegations of Paragraph 11.

12.     Outdoor Edge is without information or belief regarding the allegations of Paragraph 12 and therefore denies the same, except that Outdoor Edge specifically denies that it has or does use certain e-commerce software and/or hardware in a manner that infringes any valid, enforceable claim of U.S. Patent No. 6,226,412.

13.     Outdoor Edge admits that what purports to be Plaintiff's Preliminary Claim Chart is attached to the Complaint as Exhibit C, but denies the remaining allegations of Paragraph 13, including any allegations incorporated by reference therein.

14.     Outdoor Edge denies the allegations of Paragraph 14.

15.     Outdoor Edge denies the allegations of Paragraph 15.

16.     Outdoor Edge denies the allegations of Paragraph 16.

17.     Outdoor Edge is without sufficient information or belief regarding the allegations of Paragraph 17 and therefore denies the same.

18.     Outdoor Edge is without information or belief regarding the allegations of Paragraph 18 and therefore denies the same.

## COUNT I: DIRECT INFRINGEMENT OF THE '412 PATENT

19.     Outdoor Edge repeats its responses to Paragraphs 1-18 above.

20.     Outdoor Edge denies the allegations of Paragraph 20.

21.     Outdoor Edge denies the allegations of Paragraph 21.

Outdoor Edge denies that Plaintiff is entitled to any of the relief requested in the Complaint, inclusive of sub-Paragraphs A-D following Count I of Plaintiff's Complaint. To the extent any allegations in Plaintiff's Complaint have not been responded to in this Answer and Affirmative Defenses to Complaint for Patent Infringement, Outdoor Edge hereby denies the same.

## DEMAND FOR JURY TRIAL

Outdoor Edge hereby demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging the allocation of the burdens of proof as to any of the following, Outdoor Edge asserts these affirmative defenses. Outdoor Edge reserves the right to assert additional affirmative defenses as they become known during discovery in this litigation.

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement)

Outdoor Edge does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of U.S. Patent No. 6,226,412, either literally or under the doctrine of equivalents. Outdoor Edge has also not induced infringement or contributorily infringed any valid and enforceable claim of U.S. Patent No. 6,226,412.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

One or more claims of U.S. Patent No. 6,226,412 is invalid for failing to satisfy the conditions of patentability set forth in the provisions of the patent laws, 35 U.S.C. § 100, *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to state a claim)

Plaintiff's Complaint fails to state a claim on which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean hands)

Plaintiff brings this litigation with unclean hands, and as a result, is precluded from obtaining any equitable relief in this matter.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of standing)

Plaintiff's claims are barred, in whole or in part, based on lack of standing.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred pursuant to the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

Plaintiff's claims are barred on the basis of equitable estoppel.

Dated:  September 15, 2017			Respectfully Submitted,


					By:	*/s/ Ian R. Walsworth*
						Ian R. Walsworth
						William W. Mauke
						LEWIS BRISBOIS BISGAARD & SMITH LLP
						1700 Lincoln Street, Suite 4000
						Denver, Colorado 80203
						Telephone: 303.861.7760
						Ian.walsworth@lewisbrisbois.com
						William.Mauke@lewisbrisbois.com
						Attorneys for Defendant
						Outdoor Edge Cutlery Corporation

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of September, 2017, I presented the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT** to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of the filing to the following:

David F. Tamaroff
Lipscomb & Partners, LLC
25 SE 2nd Ave, 8th Floor
Miami, FL  33131
dt@lipscombpartners.com

                                           */s/ Ian R. Walsworth*
                                            Ian R. Walsworth